```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF VERMONT
```

OKEMO MOUNTAIN, INC., :
    Plaintiff, :
                                 :
   v. :
                                 :
PATRICK J. SIKORSKI and :
OVERSEAS SERVICES, INC. :
d/b/a EXPEDITIONS, :   File No. 1:93-CV-22
    Defendants, :
                                 :
PATRICK J. SIKORSKI, :
    Third-Party Plaintiff, :
                                 :
   v. :
                                 :
TIMOTHY T. MUELLER, :
    Third-Party Defendant. :
_____ :

## RULINGS ON MOTIONS IN LIMINE
(Papers 192, 193, 194, 195, 196, 203, 204,
206, 222, 223, 224, 225, 226, and 229)

The parties have filed numerous motions in limine. Upon consideration of the requests and responses in opposition, the Court makes the following rulings.

Okemo and Mueller's first request to exclude statements by counsel or witnesses to the effect that the release is simple, clear, or capable of only one interpretation (Paper 192) is GRANTED. Sikorski's counter-motion in limine to exclude statements by counsel during opening statements to the finding of ambiguity by the Court of Appeals in <u>Okemo Mountain, Inc. v. U.S. Sporting Clays Ass'n</u>, 376 F.3d 102 (2d Cir. 2004) (Paper 222), is also GRANTED. References to the

1

<u>Okemo</u> decision during opening statements shall be limited to its holding that "a trial is warranted to determine what was contemplated by the parties at the time the release was executed." <u>Id.</u> at 105.

On a related issue, Okemo and Mueller's second request, opposed by Sikorski, to exclude statements by counsel and witnesses asserting that certain facts were found or not found by the Court of Appeals in <u>Okemo</u> (Paper 194), is GRANTED to the extent it pertains to disputed facts.

Okemo and Mueller's third request, opposed by Sikorski, to exclude from evidence all communications between Okemo and its counsel and all communications between Okemo's counsel (Paper 193), is DENIED because Okemo and Mueller failed to assert the privileges when they had the opportunity to do so.

Okemo and Mueller's fourth request, opposed by Sikorski, to exclude a draft letter dated September 11, 1992 from Timothy Mueller to Bob Davis but never mailed, and to exclude other such non-mailed draft letters (Paper 195), is GRANTED.

Okemo and Mueller's fifth request, opposed by Sikorski, to exclude any statements by counsel and witnesses regarding Okemo and Mueller's ability to pay compensatory or punitive damages (Paper 196), is GRANTED.  If necessary, the Court will bifurcate the trial to allow the jury to consider the amount of punitive damages in the event the jury is allowed to

consider the question of whether punitive damages should be awarded and determines that they should be awarded.  Mueller's motion to quash the subpoena seeking his tax returns and statements of net worth for years 2003, 2004, and 2005 (Paper 226) is DENIED.  Sikorski's motion to compel production of such information (Paper 229) is GRANTED.

Okemo and Mueller's sixth request, unopposed by Sikorski as of this date, to exclude any efforts to show or reference the fact that Okemo and Mueller might make a claim against Salmon & Nostrand or its lawyers (Paper 223), is GRANTED. Similarly, Okemo and Mueller's seventh request, unopposed by Sikorski, to exclude any efforts to show or reference the fact that Salmon & Nostrand, George Nostrand, Lawrence Slason, and Richard Coutant have professional liability insurance to satisfy any claim that Okemo or Mueller might make against the firm (Paper 224), is GRANTED.

Okemo and Mueller's eighth request, unopposed by Sikorski as of this date, to exclude any efforts to show that Sikorski only acted as an agent of United States Sporting Clays Association and never acted in his individual capacity in connection with the "game fairs" (Paper 225), is GRANTED. Such efforts would be an impermissible collateral attack on the 1995 Judgment.

Sikorski's first request, opposed in part and agreed upon

3

in part by Okemo and Mueller, to preclude Okemo and Mueller's counsel from stating his view of the applicable law during his opening statement (Paper 203), is GRANTED to the extent that the parties should confine opening statements to what the evidence will show.  Sikorski's request for a correctional instruction (Paper 206) is GRANTED to the extent that the Court will give a preliminary charge to the jury before opening statements that different standards of proof apply to different claims.  Counsel shall provide a proposed instruction.

Sikorski's second request, opposed by Okemo and Mueller, to preclude questions and testimony by witnesses regarding their subjective or unexpressed intent or understanding of the meaning of the general release, without supporting evidence of acts toward or expressions to others (Paper 204), is GRANTED.

SO ORDERED.

Dated at Brattleboro, in the District of Vermont, this 29th day of March, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge