```
                   UNITED STATES DISTRICT COURT
                       DISTRICT OF VERMONT

OKEMO MOUNTAIN, INC.              :
        Plaintiff                 :
                                  :
     v.                           :
                                  :
PATRICK J. SIKORSKI and           :
OVERSEAS SERVICES, INC.,          :
d/b/a Expeditions,                :
        Defendants                :
                                  :   Civil No. 1:93CV22
PATRICK J. SIRORSKI               :
        Third-Party Plaintiff     :
                                  :
     v.                           :
                                  :
TIMOTHY T. MUELLER                :
        Third-Party Defendant     :
_____ :
```

                    RULING ON APPLICATION TO INTERVENE
                              (Paper 264)

In prior proceedings, an advisory jury has suggested that Richard Coutant, Esq. and Salmon & Nostrand (hereinafter "Applicants") may have committed a fraud on the court in conjunction with professional legal services which, in part, gave rise to this litigation. Accordingly, the Applicants have moved to intervene in this action in connection with defendant Sikorski's counterclaims against Okemo Mountain, Inc.; specifically, they seek to intervene to file post-trial memoranda and participate in any appeal and post appeal proceedings. Furthermore, the plaintiff has consented to the Applicant's intervention. See Paper 264 at 1-2.

In relevant part, Fed. R. Civ. P. 24(b)(2) provides:

> Upon timely application anyone may be permitted to intervene in an action . . . when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the original parties.

The Applicants' professional and personal interest in this litigation is direct and substantial.  An advisory jury has suggested the Applicants committed fraud on the court by failing to disclose that Okemo had released all claims against the defendant Patrick Sikorski.  In addition to adverse effects on professional reputations, the Applicants could face financial consequences should this verdict be upheld.  See Brennan v. NYC Bd. of Educ., 260 F.3d 123, 129 (2d Cir. 2001) (applicants' interest should be "direct, substantial and legally protectable").  Moreover, questions surrounding the asserted fraud on the court are central to the entire case and to any claims Mr. Sikorski may intend to file against the Applicants should he prevail on appeal.  Finally, the Court can discern no prejudice to the parties to this suit should the Applicants be permitted to intervene.  Cf. In re Holocaust Victim Assets Litig., 225 F.3d 191, 202 (2d Cir. 2000) (intervention denied where it could destroy a settlement).

The Application to Intervene is GRANTED.  The Intervenors shall file any submissions in this Court on or before July 21, 2006.

SO ORDERED.

Dated at Brattleboro, Vermont, this 21st day of June, 2006.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge