```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF VERMONT

OKEMO MOUNTAIN, INC.,                :
     Plaintiff and                   :
     Counter-Defendant,               :
                                     :
     v.                              :
                                     :
PATRICK J. SIKORSKI,                 :      File No. 1:93-CV-22
     Defendant and                   :
     Counter-Claimant.               :
                                     :
_____:
```

RULING ON MOTIONS FOR CERTIFICATION UNDER
28 U.S.C. § 1292(b) AND/OR ENTRY OF FINAL
JUDGMENT UNDER FED. R. CIV. P. 54(b)
(Papers 289 and 292)

Patrick J. Sikorski ("Sikorski") and Okemo Mountain, Inc. request that the Court's entire Ruling on post-trial motions (the "Ruling"), (Paper 283), be certified for appeal pursuant to 28 U.S.C. § 1292(b)[1] and/or final judgment be entered under Fed. R. Civ. P. 54(b).[2]  (Papers 289 and 292).  For the following reasons, the parties' motions are denied.

---

[1] Title 28 U.S.C. § 1292(b) provides in relevant part:
When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

[2] Rule 54(b) provides in relevant part:
When more than one claim for relief is presented in an action . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment.

1

The § 1292(b) and Rule 54(b) procedural avenues to appellate review are paved by policies of efficiency and sound judicial administration.  District courts are empowered with discretion when making § 1292(b) and Rule 54(b) determinations, but are limited significantly by the "historic federal policy against piecemeal appeals."  Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 8 (1980) (quoting Sears, Roebuck & Co. v. Mackey, 351 U.S. 427, 438 (1956)) (internal quotation marks omitted).  As clearly articulated by the Second Circuit:

> It does not normally advance the interests of sound judicial administration or efficiency to have piecemeal appeals that require two (or more) three-judge panels to familiarize themselves with a given case, instead of having the trial judge, who sits alone and is intimately familiar with the whole case, revisit a portion of the case if he or she has erred in part and that portion is overturned following the adjudication of the whole case.

Harriscom Svenska AB v. Harris Corp., 947 F.2d 627, 631 (2d Cir. 1991); see also Telectronics Proprietary, Ltd. v. Medtronic, Inc., 690 F. Supp. 170, 172 (S.D.N.Y. 1987) (explaining that § 1292(b) is to be applied only in those exceptional circumstances "where an intermediate appeal may avoid protracted and expensive litigation").

Having considered the parties' motions, the Court is not persuaded either that: (1) "there is no just reason for delay" so as to enter final judgment on any claims under Rule 54(b); or (2) "an immediate appeal from the order may materially advance the ultimate termination of the litigation" so as to certify the Ruling for interlocutory appeal under § 1292(b).  As this case

currently stands, there is not much more to accomplish before final judgment enters on all claims.  Under one scenario, finality will occur in a mere 30 days if Sikorski chooses to accept the remittitur suggested by the Court.  Under the only other scenario, should Sikorski not accept the remittitur, the parties will proceed to a trial on the sole issue of damages resulting from intentional infliction of emotional distress - a trial which, if necessary, would be completed in a few days.  Either way, if one or both of the parties then decide, they may continue to wage their protracted battle at the Second Circuit Court of Appeals.

This matter has already consumed the resources of one appellate panel.  To allow the parties to appeal on the cusp of all claims being adjudicated without sufficient justification would run the risk of causing two more appellate panels to familiarize themselves with this multifarious case.  Accordingly, taking into account the current state of proceedings, the Court's familiarity with this litigation, and the parameters of § 1292(b) and Rule 54(b) determinations, it is hereby ORDERED:

1.  the motions for certification under 28 U.S.C. § 1292(b) and/or entry of final judgment under Fed. R. Civ. P. 54(b), (Papers 289 and 292), are DENIED; and

2.  Sikorski shall have until March 26, 2007 to notify the Court whether he agrees to remit that portion of the jury award exceeding $250,000.  Should Sikorski refuse to make such remittitur, this case shall be set for the first civil trial calendar after May 1, 2007, to determine the appropriate amount of damages.

SO ORDERED.

      Dated at Brattleboro, Vermont, this 23rd day of February, 2007.

                                            <u>/s/ J. Garvan Murtha</u>
                                            J. Garvan Murtha
                                            United States District Judge