```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF VERMONT

OKEMO MOUNTAIN, INC.,                :
     Plaintiff and                   :
     Counter-Defendant,               :
                                     :
     v.                              :
                                     :
PATRICK J. SIKORSKI,                 :     File No. 1:93-CV-22
     Defendant and                   :
     Counter-Claimant.               :
                                     :
_____:
```

<u>RULING ON PATRICK J. SIKORSKI'S
MOTION FOR PREJUDGMENT INTEREST</u>
(Paper 308)

Patrick J. Sikorski ("Sikorski") moves to amend the judgment, pursuant to Fed. R. Civ. P. 59(e), to include prejudgment interest from April 7, 2006 (the date of the jury's verdict) to April 13, 2007 (the date of judgment).  (Paper 308.) For the following reasons, the motion is granted in part and denied in part.[1]

Prejudgment interest, which is governed by Vermont law, <u>see</u> <u>Cambell v. Metro. Prop. & Cas. Ins. Co.</u>, 239 F.3d 179, 186 (2d Cir. 2001), is meant "to fully and accurately compensate the plaintiff where the plaintiff has been deprived of a definite sum of money for a definite period of time."  <u>Estate of Fleming v.</u> <u>Nicholson</u>, 168 Vt. 495, 501, n.2 (1998).  Prejudgment interest is

---

[1] The Court pauses to comment on its jurisdiction over this motion - although the parties filed notices of appeal after Sikorski's Rule 59(e) motion was filed, they are not effective until the Court rules upon the Rule 59(e) motion.  <u>See</u> Fed. R. App. P. 4(a)(4)(B)(i).

1

mandated in "those cases where damages are liquidated or reasonably ascertainable," and is within the Court's discretion in other cases.  Id. at 501.

While damages for intentional infliction of emotional distress are generally seen as unliquidated, the Court concludes that the damages in this case became reasonably ascertainable by March 26, 2007 when Sikorski accepted the remittitur.  (Paper 299.)  To be sure, this moment marks the only point in time from which Sikorski was "deprived of a definite sum of money for a definite period of time," Fleming, 168 Vt. at 501, n.2, and where Okemo could have "avoid[ed] the accrual of interest by simply tendering to [Sikorski] a sum equal to the amount of damages."  Agency of Natural Res. v. Glens Falls Ins. Co., 169 Vt. 426, 435 (1999) (internal quotation marks and citation omitted).  Thus Sikorski is entitled to prejudgment interest from March 26, 2007 to April 13, 2007.

To the extent the Court has discretion to award prejudgment interest for any time before March 26, 2007, the Court, upon balancing the equities at play in this case, concludes Sikorski is entitled to an award of prejudgment interest for the time between April 7, 2006 and December 15, 2006 because Sikorski should not be penalized for Okemo's filing of post-trial motions.  But the other side of the same coin is that Sikorski should not receive a windfall based on his tactical decision to forestall acceptance of the remittitur.  Therefore, the Court will not

award Sikorski prejudgment interest for the delay between December 15, 2006 and March 26, 2007 because this lapse is attributable to Sikorski's motions to extend time, (Paper 284), for clarification, (Paper 286), and for certification and to stay any obligation to choose between remittitur and a new trial. (Paper 289).

In sum, the amended judgment shall reflect an award of prejudgment interest on $250,000 from April 7, 2006 to December 15, 2006 and March 26, 2007 to April 13, 2007. Calculated at an annual rate of twelve percent (12%), see 9 V.S.A. § 41a(a), the prejudgment interest totals $22,355.68 (272 days @ $82.19).

SO ORDERED.

Dated at Brattleboro, Vermont, this 15th day of May, 2007.

/s/ J. Garvan Murtha
J. Garvan Murtha
United States District Judge